## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CATREESA BOOKMAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| DOLGENCORP OF TEXAS, INC., D/B/A | § | **Removed from the District** |
| DOLLAR GENERAL AND DOLLAR | § | **Court of 14th Judicial District** |
| GENERAL CORPORATION | § | **Dallas County, Texas** |
| **Defendant.** | § | **Cause No. DC-2320117** |
| | § | |

## NOTICE OF REMOVAL

COMES NOW, Defendant Dolgencorp of Texas, Inc., d/b/a Dollar General (hereinafter, "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and provides notice of the removal of the state court action entitled *Catreesa Bookman v. Dolgencorp of Texas, Inc., d/b/a Dollar General and Dollar General Corporation*, Cause No. DC-2320117 from the District Court of the 14th Judicial District of Dallas County, Texas (the "State Court Action") to the United States District Court for the Northern District of Texas. True and correct copies of all pleadings, process, and orders available are attached hereto as Exhibit "A". *See* 28 U.S.C. §1446(a).

Removal is warranted under 28 U.S.C. §1441(b) because of the diversity of the parties and the amount in controversy sets this cause of action within those over which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a). In support of its removal, Defendant states as follows:

## BACKGROUND

1.      On or about December 1, 2023, Plaintiff Catreesa Bookman ("Plaintiff") filed a Petition against Defendant in the 14th Judicial District of Dallas County, Texas, Cause no. DC-23-

20117.

2.      On or about December 12, 2023, Defendant was served with the summons and Petition from the State Court Action.

3.      Plaintiff is a citizen of the State of Texas who resides in Dallas, Texas. <u>Pet. ¶2.</u>

4.      Defendant Dollar General Corporation is organized under the laws of the State of Tennessee with its principal place of business located in Goodlettsville, Tennessee 37072.

5.      Defendant Dolgencorp of Texas, Inc., d/b/a Dollar General is a wholly owned subsidiary organized under the laws of the state of Kentucky with its principal place of business located in Goodlettsville, Tennessee 37072.

6.      As further explained below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441, because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

## BASIS FOR REMOVAL

**A.      The Court has jurisdiction over this action under 28 U.S.C. §1332(a).**

7.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States." 28 U.S.C. §1332(a)(1). Such cases are within this Court's removal jurisdiction. 28 U.S.C. §1441(b).

8.      Jurisdictional facts must be judged as of the time of the filing of the state court petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (per curiam). Removal premised on diversity jurisdiction should consider the amount in controversy based on "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property and Casualty*

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The amount alleged in the state court petition is instructive to set the amount in controversy for consideration of remand. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

9.    Removal of this case is proper because Plaintiff and the Defendants are citizens of different states. 28 U.S.C. §1332(a)(1). Pet. ¶2.

10.    Removal of this case is proper because, in her Petition, Plaintiff asserted monetary relief in excess of the jurisdictional amount. 28 U.S.C. §1332(a)(1). Pet. ¶¶ 1, 7.

11.    Plaintiff has requested a Level 3 discovery plan pursuant to Tex. R. Civ. P. 190.4.

12.    Plaintiff has not limited her recovery to less than $75,000 as a matter of law, therefore Defendant is without legal certainty that the alleged claims are for less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Absent a binding stipulation that the amount in controversy is less than $75,000, Defendant is entitled to removal. *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

**B.    Venue**

13.    Venue is proper in this district and division for purposes of removal under 28 U.S.C. §1441(a) and 28 U.S.C. §105(b) because it embraces the county where the State Court Action was filed and pending.

**C.    Removal is Timely.**

14.    Under 28 U.S.C. §1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading . . . to file notice of removal." Defendants were served on December 12, 2023. This Notice of Removal was filed less than 30 days after the action was served. Thus, this Notice is timely filed.

**D.    Other Defendants**

15.    Under 28 U.S.C. §1446(b)(2)(A), '[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action".

16.    Here, Defendants Dolgencorp of Texas, Inc. d/b/a Dollar General and Dollar General Corporation collectively consent and join in the request to remove this action.

**E.    Notice of Removal**

17.    As required by 28 U.S.C. §1446(d), Defendants will promptly file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, with the clerk of the 14th Judicial District of Dallas County, Texas.

18.    As required by 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A.

19.    If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and evidence and present oral argument in support of their position. Defendants reserve the right to conduct jurisdictional discovery in the event it is allowed.

**F.    Non-Waiver of Defenses**

20.    By removing this action from state court, Defendants do not waive any available defenses.

21.    By removing this action from state court, Defendants do not admit any of the allegations in Plaintiff's Petition.

<u>**CONCLUSION**</u>

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Dolgencorp of Texas, Inc., d/b/a Dollar General hereby removes this action

from the District Court for Dallas County, Texas to the United States District Court for the Northern

District of Texas.

Respectfully submitted,



P. MARCUS WHITE
State Bar No. 24061263
E-mail: mwhite@whitehurstlaw.com
REBECCA GILBERG
State Bar No. 24077517
E-mail: rgilberg@whitehurstlaw.com
MEREDITH D. LINDAMAN
State Bar No. 2413519
E-mail: mlindaman@whitehurstlaw.com
WHITEHURST & WHITE, L.L.P.
16300 Addison Road, Suite 100
Addison, Texas 75001
(972) 503-5455 Telephone
(972) 503-6155 Facsimile

Attorneys for Defendant
Dolgencorp of Texas, Inc., d/b/a Dollar General

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to all counsel of record via email and first-class U.S. Mail pursuant to the Federal Rules of Civil Procedure on the 5th day of January 2024.

**Attorneys for Plaintiff Elsie Redic**
Ezekiel Tyson Jr.
State Bar No. 24034715
Email: tyson@tysonpc.com
342 W. Montana Ave
Dallas, Texas 75224

P. MARCUS WHITE